IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LILIA KRYVOSHEY,

      Plaintiff,                         No. CIV S-11-2208 GEB GGH PS

    vs.

AMERICAN BROKERS CONDUIT, et al.,

      Defendants.                  <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Previously pending on this court's law and motion calendar for October 13, 2011, were defendant Default Resolution Network's ("Default Resolution") motion to dismiss or for more definite statement, by filed September 2, 2011, and defendants Power Default Services, Inc., f/k/a AHMSI Default Services, Inc., ("Power Default"), Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2006-5 Mortgage-backed Pass-Through Certificates, Series 2006-5, ("Deutsche Bank") and Mortgage Electronic Registration System, Inc.'s ("MERS"), motion to dismiss, filed September 7, 2011.  Plaintiff has filed an opposition to defendant Default Resolution's motion only, and did not appear at the hearing. Carl Paganelli appeared for Default Resolution.  Euphemia Thomopulos represented the remaining defendants.  For the reasons set forth herein, defendants' motions should be granted.

\\\\

BACKGROUND

Plaintiff filed this action in state court on June 2, 2011, and defendants removed it to the Northern District on July 6, 2011. The action was then transferred to this court on August 19, 2011. This is a typical foreclosure action wherein plaintiff alleges that "defendants failed to follow the simple legal requirements for transfer of a negotiable instrument and an interest in real property." (Compl. ¶ 32.) Plaintiff alleges that defendant American Brokers Conduit, the wholesale Division of American Home Mortgage Investment Corporation ("American") misrepresented the elements of the agreement when she financed the purchase of her principal dwelling on August 7, 2006. (Id. at ¶¶ 9, 43.) She further alleges that she did not receive the required documents and disclosures at the time the loan was consummated. (Id. at ¶ 59.) As a result, no interest in her mortgage, deed of trust, or property was legally transferred to defendants. (Id. at ¶ 33.) The complaint also alleges that defendants had no authority to conduct the foreclosure, which was carried out without "rights under the law." (Id. at ¶ 39, 61.) Each defendant is alleged to be the agent and employee of all other defendants, and ratified the conduct of the others. (Id. at ¶ 29.) It is further alleged that defendants not only acted without authorization under the law in foreclosing upon the property, but that they "fraudulently added costs and charges to the payoff amount of the note that were not justified or proper under the terms of the note or law." (Id. at ¶ 61.)

According to defendants, the Deed of Trust was recorded on August 15, 2006. (Def.'s RJN, filed September 2, 2011, Ex. A.) Plaintiff defaulted on the note, and a notice of default was recorded by Default Resolution on March 16, 2009. (Compl., Ex. 1.) Defendant AHMSI issued notices of trustee sale on June 16 and July 10, 2009. (Id., Exs. 3, 4.) On February 20, 2011, Power Default was substituted as trustee. (Id., Ex. 6.) On February 24, 2011, the Deed of Trust was assigned to Deutsche Bank. (Id., Ex. 9.) Another notice of trustee sale was issued on May 17, 2011, (Id., Ex. 7), but the scheduled sale of June 13, 2011, apparently was put on hold. (Default Resolution's Mot. at 5.) Plaintiff's Chapter 7 bankruptcy filing was

dismissed on July 1, 2011.  (RJN, Ex. B.)

The complaint contains claims for violations of the Truth in Lending Act, Real Estate Settlement Procedures Act, California's Rosenthal Act, and for negligence, breach of fiduciary duty, fraud, violation of Cal. Bus. & Prof. Code § 17200, and breach of implied covenant of good faith and fair dealing.  Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages.

DISCUSSION

I.  Legal Standard - Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'"  National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803

(1994), quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

II. <u>Motions to Dismiss</u>[1]

Both motions raise various grounds for dismissal. Only those grounds which pertain to the federal claims will be addressed here. The TILA and RESPA claims are alleged only against defendants Default Resolution and American.[2]

A. <u>TILA</u>

In regard to this claim, plaintiff alleges that Default Resolution and American violated TILA by:

> (i) failing to provide required disclosures prior to consummation of the transaction; (ii) failing to make required disclosures clearly and conspicuously in writing; (iii) failing to timely deliver to Plaintiff certain notices required by statute; (iv) placing terms prohibited by statute into the transaction; and (v) failing to disclose all finance charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed.

(Compl., ¶ 68.) Plaintiff seeks rescission and damages. (<u>Id.</u> at ¶¶ 70, 71.)

---

[1] Resolution Default's motion for more definite statement will not be addressed as it is unnecessary in light of the findings made herein.

[2] Defendants Power Default, Deutsche Bank, and MERS do not raise any grounds for dismissal of any federal claims as these claims are not alleged against them. Defendants Alliance Title and American did not file motions to dismiss.

Default Resolution has moved to dismiss this claim, arguing that it was not plaintiff's lender and therefore TILA does not apply to it. Default Resolution also argues that plaintiff is barred by the statute of limitations, and she is not entitled to equitable tolling.

1. Assignee Liability

Default Resolution first argues that it was not plaintiff's lender and is not a creditor, but that American Brokers Conduit was the lender. (RJN, Ex. A.) This defendant argues that its only involvement in the claims was that it issued two notices of default. (Compl. ¶¶ 12-16, Exs. 1, 5.) TILA establishes a private right of action and provides for statutory damages for violations of TILA only against the creditor (the owner of the obligation) and assignees. 15 U.S.C. § 1640(a). The exhibits to the complaint indicate that Default Resolution issued the notices of default, signing them as "Agent for the Beneficiary." (Compl., Ex. 1 at 2, Ex. 5 at 2.) The Deed of Trust indicates that American Brokers Conduit was the lender. (RJN, Ex. A.) The complaint conflicts with the Deed of Trust in alleging that Default Resolution was a "foreclosure mill" and a creditor. (Compl., ¶ 12, 66.) The pertinent documents attached to the complaint and to Default Resolution's RJN establish that this defendant was not a creditor or an assignee. As plaintiff did not appear at oral argument, the court will so find.

2. Rescission

Plaintiff's claim is also barred by the statute of limitations. Rescission claims under TILA "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).

Further, equitable tolling does not apply to rescission under this provision of TILA. If the borrower files his or her suit over three years from the date of a loan's consummation, a court is powerless to grant rescission. Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction." (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986)); accord Beach v.

5

1  Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("[Section] 1635(f) completely extinguishes the
2  right of rescission at the end of the 3-year period.").
3   In this case, plaintiff alleges she consummated the Subject Loan on or about
4  August 7, 2006.  (Compl. ¶ 36.)  The Deed of Trust was recorded on August 15, 2006.  (RJN, Ex.
5  A at 1.)  Plaintiff did not bring the instant action until June 2, 2011; accordingly, more than three
6  years have passed since the alleged TILA violations.  15 U.S.C. (Id. at § 1640(e)).  As such,
7  defendant Default Resolution's motion to dismiss plaintiff's rescission claim under TILA should
8  be granted without leave to amend.
9  3.  Damages
10   Plaintiff also seeks damages for defendants' alleged violation of TILA.  (Compl.,
11  ¶ 71.)  TILA provides that a plaintiff can bring an action to recover damages "within one year
12  from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  As stated above, plaintiff
13  brings this action almost five years after consummation of the loan; accordingly, her TILA claim
14  is time-barred.  Plaintiff does not argue that equitable tolling should apply.  Therefore, this
15  damages claim should be dismissed without leave to amend.
16 B.  RESPA
17   The complaint alleges that plaintiff is not certain which defendant was the servicer
18  of the loan, but that "due to the conspiratorial nature of the misdeeds alleged herein," this claim
19  is alleged against all defendants.  (Compl., ¶ 88.)  Plaintiff alleges that defendants failed to
20  comply with disclosure requirements, refused to provide a written explanation or response to her
21  Qualified Written Request, and engaged in a pattern or practice of non-compliance with the
22  RESPA requirments.  (Id. at ¶¶ 89-91.)
23   Default Resolution asserts that there is no private right of action under RESPA.
24  However, plaintiff's claim arises under section 2605, which provides for individual recovery.  See
25  12 U.S.C. 2605(f).  Nevertheless, Resolution Default's contention that this claim is also time
26  barred is correct.  See 12 U.S.C. § 2614 (providing for one year statute of limitations period for

violations of §§ 2607 and 2608, and three year limitations period for violations of § 2605).

Therefore, the RESPA claim will be dismissed.

C. State Law Claims

As there are no federal claims remaining, this court declines to exercise supplemental jurisdiction over plaintiffs' possible state law claims. See 28 U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a claim ...if – the district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) (" 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims' ") (quoting Carnegie-Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988)).

III. Defendants Alliance Title and American Brokers Conduit, the wholesale division of American Home Mortgage Investment Corporation

The court will also recommend that the entire action be remanded to state court because the arguments made on behalf of the moving defendants are equally applicable to the remaining defendants, Alliance Title and American Brokers Conduit, the wholesale Division of American Home Mortgage Investment Corporation, which did not move to dismiss. Pursuant to 28 U.S.C. § 1447(c), where it appears the court lacks subject matter jurisdiction, the court shall make an order for remand. See also Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (court may enter sua sponte dismissal as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants); see also Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir.1995) (sua sponte dismissal appropriate as to defendants who have not been served).

\\\\

\\\\

\\\\

CONCLUSION

Accordingly, IT IS RECOMMENDED that:

1. The motion to dismiss, filed July 26, 2011, and amended on September 7, 2011 by Power Default Services, Inc., f/k/a AHMSI Default Services, Inc., Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2006-5 Mortgage-backed Pass-Through Certificates, Series 2006-5, and Mortgage Electronic Registration System, Inc., (dkt. #20, 34), be granted;

2. The motion to dismiss or for a more definite statement, filed September 2, 2011, by Default Resolution Network, (dkt. #28), be granted;

3. The Court decline to exercise jurisdiction over plaintiff's state law claims, and this action be remanded to state court;

4. The Clerk serve a certified copy of this order to the Clerk of the Superior Court of Sacramento County, and reference the state case number (34-2011-00104315) in the proof of service;

5. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076:Kryvoshey2208.mtd.wpd